UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



WILLIAM J. MARTINI
　　　JUDGE

## LETTER OPINION

March 24, 2010

Peter E. Rhatican
Law Offices of Peter E. Rhatican
27 East Main Street
Mendham, NJ 07945

Diane M. Acciavatti
77 Jefferson Place
Totowa, NJ 07512
*Attorneys for Plaintiff*

Liza M. Walsh
Tricia B. O'Reilly
Rukhsanah L. Lighari
Connell Foley, LLP
85 Livingston Avenue
Roseland, NJ 07068
*Attorneys for Defendants*

　　　Re:　*Richard Fritzky v. Aetna Health, Inc., et al*
　　　　　 Civil Action No. 08-5673 (WJM)

Dear Litigants:

　　　This matter comes before the Court on the Motion to Dismiss the Amended Complaint brought by Defendants Aetna Health, Inc. ("Aetna") and Dr. Ira Klein, M.D. ("Klein") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ.

1

P. 12(b)(6).  Oral argument was not held.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

## I.     BACKGROUND

The facts of this case are well known to the parties and were set out in detail in this Court's previous letter opinion entered in this matter, dated September 3, 2009.  Therefore, the Court will now briefly describe only the facts relevant to the instant Motion to Dismiss.

Plaintiff Richard Fritzky ("Fritzky") was a beneficiary of a health insurance policy issued by Defendant Aetna Health, Inc. ("Aetna").  (Am. Cmplt. ¶¶ 2-4).  According to the terms of the health insurance plan (the "Plan"), Aetna was required to provide health insurance benefits and services to Plaintiff.  (Am. Cmplt. ¶ 4).  The Plan's coverage was limited to benefits that Aetna determined to be "medically necessary and appropriate." (*See* Certification of Tricia B. O'Reilly, Exh. B, pp. 11, 17).  Plaintiff was covered by the Plan at all times relevant to this litigation.  (Am. Cmplt. ¶ 4).  The Plan meets the statutory definition of an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

Beginning in October 2005, Plaintiff was diagnosed with a series of medical conditions and was hospitalized.  (Am. Cmplt. ¶ 5).  During his hospitalization, he suffered from conditions requiring the amputation of several fingers, toes, and one leg. (*Id.*)  Plaintiff was ultimately discharged from the hospital and sent to a variety of rehabilitative centers.  (Am. Cmplt. ¶ 6).  He was re-admitted to the hospital in early June 2006 for several weeks.  (Am. Cmplt. ¶ 7).  At the end of his hospital stay in late June, his treating physicians recommended that he receive acute rehabilitation.  (Am. Cmplt. ¶¶ 8-9).  However, Aetna and its medical designee Dr. Ira Klein ("Klein") concluded that acute rehabilitation was not medically necessary and denied the request for coverage. (Am. Cmplt. ¶ 10, 12).  Instead, Aetna approved coverage for subacute rehabilitative care.  (Am. Cmplt. ¶ 10).

Plaintiff began to receive the subacute care on June 29, 2006, while simultaneously appealing Aetna's decision internally.  (Am. Cmplt. ¶ 11). Approximately seven weeks after the initial denial, Aetna reversed and found that Plaintiff was entitled to acute care.  (Am. Cmplt. ¶ 15).  Plaintiff began receiving the acute care on July 30, 2006.  (Am. Cmplt. ¶ 11).  Nevertheless, his condition deteriorated, and in late August 2006, he was readmitted to the hospital to undergo amputation of his remaining leg.  (Am. Cmplt. ¶ 14).

Plaintiff filed his initial complaint in October 2008, in state court.  (CM/ECF Docket Entry No. 1).  The gravamen of his complaint at that time was that the initial decision of Aetna and Dr. Klein and temporary denial of acute rehabilitation constituted a wrongful denial of benefits resulting in the loss of his second leg.  (Plaintiff's initial complaint ("Cmplt.") ¶¶ 21-22).  The Complaint contained seven state law counts

including breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duties, unjust enrichment, and tortious interference with medical care. (Cmplt. ¶¶ 25-30). The Complaint also requested compensatory, consequential, and exemplary damages, punitive damages, damages for pain and suffering, costs, and a jury trial. (Cmplt. ¶ 30). The Complaint made no mention of ERISA or any federal claims.

In November 2008, Defendants removed the case to federal court, based upon federal question jurisdiction arising out of ERISA. (Cmplt. ¶ 2). Defendants then moved to dismiss on the grounds of ERISA preemption. (CM/ECF Docket Entry No. 6). ERISA § 502(a) is the statute's civil enforcement mechanism and is the exclusive legal remedy for the denial of benefits. 29 U.S.C. § 1132(a). ERISA §502(a) preempts any state law cause of action that attempts to replicate, supplement, or replace it. *Id*.; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-209 (2004). The Court examined Plaintiff's claims and found that although the Complaint was couched in terms of negligence and tort, Plaintiff was essentially complaining about the denial of benefits. (CM/ECF Docket Entry No. 20). Therefore, the Court concluded that Plaintiff's state law claims were attempting to replicate ERISA § 502(a) such that all of Plaintiff's state law claims were preempted and dismissal was warranted. *(Id.)* The Court also concluded that Plaintiff's claims would also be preempted by ERISA § 514(a), 29 U.S.C. § 1144(a), which preempts a state law claim that "relates to" an employee benefit plan, although it was not necessary to conduct this additional analysis. *(Id.)* Finally, the Court denied Plaintiff's request for damages and a jury trial, as such relief is not available under ERISA. *(Id.)*

The Court dismissed the complaint without prejudice and granted leave to amend, so that Plaintiff could have the opportunity to try and fit his claims into the ERISA framework. *(Id.)* Plaintiff filed an amended complaint with this Court in October 2009. (CM/ECF Docket Entry No. 23). The Amended Complaint contains nine counts, the first seven of which are state law claims virtually identical to those filed in the original Complaint. (Am. Cmplt. ¶¶ 24-38).[1] The Amended Complaint also contains two new counts purportedly brought pursuant to ERISA § 502(a): (1) Count Eight, which seeks "differential coverage costs," presumably the difference in cost between the acute rehabilitation and the subacute, for the month period that Plaintiff received only the subacute, and (2) Count Nine, which seeks "enforcement and redress, reparation and/ or rectification under § 502(a)(1)(B)" as well as differential coverage costs and attorneys' fees. (Am. Cmplt. ¶¶ 32-38). Plaintiff's opposition brief clarifies that these two counts were intended to allege breach of contract pursuant to § 502(a)(1)(B) and unjust enrichment. (Plaintiff's Opposition Brief ("Pl. Br.") at 4-6).

Defendants have filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the first seven counts must be dismissed for

---

[1] The first seven state law claims are: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) wrongful preclusion from the pursuit of day to day affairs, (5) unjust enrichment, (6) tortious interference with medical care, and (7) tortious interference with medical care (on a different theory of liability).

3

the same reasons they were dismissed previously, and that the eighth and ninth counts ask for relief that is not available under ERISA. (CM/ECF Docket Entry No. 26).

## II. ANALYSIS
### A. Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Counts One - Seven

Counts One through Seven of the Amended Complaint are state law claims that are virtually identical to the state law claims contained in the original Complaint and dismissed by this Court in its opinion dated September 3, 2009. The only difference is that the Amended Complaint asserts only one count of breach of the implied covenant of good faith and fair dealing, whereas the original contained two, and the Amended Complaint adds a second claim of tortious interference with medical care, whereas the original only contained one.

Given that these seven counts are nearly identical to the state law counts that were already dismissed by this Court, they must again be dismissed for the same reason that they were previously, namely that they are preempted by ERISA §502(a). Although the claims couch their terms in the language of negligence and tort, they actually complain of a denial of benefits. Any state law claim that complains of a denial of benefits falls could have been brought pursuant to ERISA § 502(a) and therefore is preempted by the statute.

*See* 29 U.S.C. § 1132(a); *Davila*, 542 U.S. at 208-209 (stating that because ERISA contains "an integrated system of procedures for enforcement… any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy… is therefore preempted). Furthermore, these claims are also preempted by ERISA § 514(a), which provides for the preemption of any state law that "relates to" a benefits plan. 29 U.S.C. § 1144(a); *Met. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985) (a state law "relates to" a benefits plan and is preempted if it has "any connection with or reference to such a plan").

Additionally, the doctrine of law of the case mandates that these claims be dismissed. "The doctrine of the law of the case… limits relitigation of an issue once it has been decided." *In re Continental Airlines, Inc*., 279 F.3d 226, 232 (3d Cir. 2002). Once a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* at 233. Only the existence of extraordinary circumstances justify reconsideration of a previously-decided issue. *Avaya Inc. v. Telecom Labs, Inc.*, 2009 WL 2928927, *12 (D.N.J. Sept. 9, 2009). Here, Plaintiff has not identified any extraordinary circumstances whatsoever. Therefore, the seven state law claims must be dismissed pursuant to the law of the case as well.

Significantly, Plaintiff does not appear to contest the dismissal of the seven state law claims. Indeed, he states in his opposition brief that these state law claims were included in the Amended Complaint "to maintain the original format of the Complaint only" (emphasis in original). (Pl. Br. at 2). Plaintiff does not explain why he sought to maintain the original format or why, if this was his goal, he modified the counts slightly. Nevertheless, it indicates Plaintiff's consent to the dismissal of Counts One through Seven.

### C.  Counts Eight and Nine

Counts Eight and Nine purport to seek relief pursuant to ERISA. (Am. Cmplt. ¶¶ 32-38). Specifically, Count Eight asks for the monetary value of the difference between the subacute care that Plaintiff received for the first month of his treatment and the acute care to which Aetna ultimately determined that Plaintiff was entitled. (Am. Cmplt. ¶ 36). Count Nine seeks unspecified relief pursuant to § 502(a) as well as attorneys' fees. (Am. Cmplt. ¶ 38).

Defendants move to dismiss Counts Eight and Nine because the counts seek relief that is not available under ERISA, and as such, fail to state a claim for which relief can be granted. (Defendants' Brief ("Dft. Br.") at 21). ERISA § 502(a) clearly provides for two forms of relief only: (1) an injunction requiring the provision of the desired benefits and (2) reimbursement for benefits paid for by the plaintiff out of his own pocket. *See* 29 U.S.C. § 1132(a); *Davila*, 542 U.S. at 209-210; *DiFelice v. Aetna Healthcare*, 346 F.3d 442, 449 (3d Cir. 2003). Monetary damages can be awarded pursuant to § 502(a) for restitutionary and reimbursement purposes only. *Alexander v. Primerica Holdings, Inc.*, 819 F.Supp. 1296, 1309 (D.N.J. 1993). Upon the initial denial of coverage, Plaintiff

5

admits he did not pay out of his own pocket to obtain the acute rehabilitation.  Therefore, he is not entitled to reimbursement or restitution at this time.  Moreover, it is well settled that ERISA § 502(a) does not offer any type of relief for a beneficiary who, despite experiencing a delay in the receipt of benefits, ultimately does receive them.  *See Davila*, 542 U.S. at 210; *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998).

Plaintiff attempts to clarify his claims in his opposition brief.  (Pl. Br. at 4-6).  Plaintiff admits that he did not pay for the acute rehabilitation himself in the period before Aetna reversed its decision and concedes that he does not seek restitutionary damages.  (Pl. Br. at 5).  However, he says that Counts Eight and Nine seeks damages for a breach of fiduciary duty committed by Aetna, breach of contract pursuant to § 502(a), and unjust enrichment.  (Pl. Br. at 5-6).

Plaintiff's attempts at clarification do not improve the viability of the Amended Complaint.   To the extent that he is arguing breach of a fiduciary duty owed to him, breach of contract, and unjust enrichment as state law claims, these claims mirror those contained in Counts One, Three, and Five, and are clearly preempted for the identical reasons.  To the extent that he is attempting to assert these claims pursuant to ERISA, this position is equally unavailing.  These theories of liability simply do not exist under ERISA, nor has Plaintiff provided any caselaw or argument suggesting that they do.

While ERISA § 502(a)(2) does provide for a breach of fiduciary duty, the statute refers to a breach of fiduciary duty owed to a benefits plan as a whole, not to an individual participant in that plan.  29 U.S.C. 1132(a)(2); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985).  Therefore, any damages that might flow from such a breach would be owed to the Plan itself, not to Plaintiff.  *Id*.  Plaintiff cannot bring an action under ERISA for breach of a fiduciary duty allegedly owed to him as an individual.  *See Hozier v. Midwest Fasteners, Inc*., 908 F.2d 1155, 1162 (1990) (finding that an ERISA action to recover damages for breach of fiduciary duties allegedly owed to individual plan participants and not to the plan itself is not authorized by the statute).

In addition, the Third Circuit has clearly rejected the contention that ERISA §502(a) incorporates a federal common law claim of breach of contract.  *Hooven v. Exxon Mobil Corp*., 465 F.3d 566, 578 (3d Cir. 2008).  Moreover, the Third Circuit has also declined to find a remedy for unjust enrichment under ERISA.  *Van Orman v. Am. Ins. Co*., 680 F.2d 301, 313-314 (3d Cir. 1982).  Finally, and most importantly, the Supreme Court has concluded that any remedy not expressly provided for in ERISA does not exist.  *Mass. Mut. Life Ins. Co*., 473 U.S. at 146 (finding that ERISA is a "comprehensive and reticulated statute" making it evident that "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly" (internal citations omitted)).  Therefore, the Court cannot entertain any of these claims and must dismiss Counts Eight and Nine.

### III.    CONCLUSION

6

      For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**
